**SO ORDERED.**

**SIGNED this 19 day of December, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| **AMERLINK, LTD.,** | CHAPTER 7 |
| | CASE NUMBER: 09-01055-8-RDD |
| **DEBTOR** | |

| | |
|---|---|
| **JOHN M. BARTH,** | ADVERSARY PROCEEDING |
| | NUMBER:14-00145-8-RDD |
| **PLAINTIFF,** | |
| v. | |
| **RICHARD SPOOR.** | |
| **DEFENDANT.** | |

## ORDER

Pending before the Court is the Motion to Dismiss filed by the Defendant, Richard Spoor (the "Defendant" or "Spoor") on September 26, 2014, the Memorandum in Support of the Motion to Dismiss filed by the Defendant on October 16, 2014, the Supplemental Memorandum in Support of Motion to Dismiss and in Opposition to Motion for Injunction filed by the Defendant on November 14 , 2014, the Exhibits filed by the Defendant on November 20, 2014, and the Citation

of Additional Authority filed by the Defendant on November 24, 2014. Also pending before the Court is the Response of John M. Barth in Opposition to Motion to Dismiss filed by the Plaintiff John M. Barth (the "Plaintiff" or "Barth") on October 14, 2014, and the Supplement Submission of Material Requested by the Court filed by the Plaintiff on November 14, 2014. Further pending before the Court is the Motion for Injunctive Relief Barring Vexatious Litigation and the Memorandum in Support of Motion for Injunctive Relief filed by Barth on October 1, 2014. A hearing was held in Greenville, North Carolina on November 13, 2014.

## STATEMENT OF THE FACTS

Richard Spoor was the founder of AmerLink, Ltd. ("AmerLink" or the "Debtor") and was at various times the CEO, Treasurer, Chairman of the Board and majority shareholder of AmerLink. John M. Barth Jr. ("Barth Jr."), who is the Plaintiff's son, became President and CEO of AmerLink in September 2006. On February 11, 2009 AmerLink filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On November 23, 2009, this Court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7. Steven L. Beaman was appointed Chapter 11 Trustee in the case. Steven Beaman (the "Trustee") served as Trustee in the Chapter 11 case from August 21, 2009 until conversion to Chapter 7, and continues to serve as Chapter 7 trustee.

The Trustee initiated a multicount adversary proceeding against several party defendants, including, but not limited to Spoor, Barth, and Barth Jr. alleging, *inter alia*, the facts and circumstances of the demise of the business viability of AmerLink resulting in the conversion to Chapter 7, *Beaman v. Barth*, et al., 10-00164-8-JRL (the "Trustee's Adversary Proceeding"). Trustee's Adversary Proceeding named the following defendants: John M. Barth, Jr. and wife, Tracy

Barth; Richard B. Spoor and wife, Walton Spoor; John M. Barth and wife, Eileen M. Barth; Harlingen Stables; Tall Grass Farms, Inc.; Pro Form Constructions, Inc.; National Consumer Cooperative Bank; Thomas R. Slocum; Terry Castle; Stephen J. Gugenheim; Horizon Trust & Investment Management, N.A.; JR International Holdings, LLC; and Capital Community Foundation, Inc.  By various consent orders in the Adversary Proceeding, spouses Eileen Barth, Tracy Barth and Walton Spoor were dismissed as Defendants.

On July 26, 2011, a mediation was held to seek a resolution of the Trustee's claims against Spoor, Barth Jr., Barth, and others. Following the mediation, the Trustee's Adversary Proceeding was settled by a Memorandum of Settlement which memorialized the agreement between the Trustee, and the directors and officers of the Debtor.  This Court entered an Order Approving Settlement as stated in the Memorandum of Settlement on September 19, 2011 in the Debtor's Bankruptcy Case, *In re Amerlink*, Case No: 09-01055-8-JRL (the "Order Approving Settlement"). The Order recited no findings of fact, but stated only that the agreement was fair and reasonable. The Order Approving Settlement directed the parties "to promptly execute a formal agreement from the terms in the Memorandum of Settlement."  The Order stated that "the [C]ourt approves this Memorandum of Settlement with the recognition that this case settled before the issue was fully joined and the [C]ourt has conducted no evidentiary hearings and expressly makes no factual findings on the matters at hand[.]" (Order Approving Settlement at 2). In the Order Approving Settlement, the Honorable J. Rich Leonard, Bankruptcy Judge Presiding, also made clear, "[t]his Memorandum stipulated that Richard Spoor 'committed no acts of wrongdoing in relation to the subject matter of this litigation.' John M. Barth Senior objected to this language because he did not

3

want Spoor to claim estoppel to any potential separate litigation Barth Senior had against Spoor." Order Approving Settlement at 2.

On September 12, 2014, Barth filed this adversary proceeding which seeks a Declaratory Judgment and Injunctive Relief Barring Vexatious Litigation against Spoor (the "Complaint"). The Complaint seeks a declaratory judgement against Spoor with regard to actions filed in the North Carolina State Courts which were based on the allegations that there was a fraudulent scheme by Barth and Barth Jr. to take control of the Debtor. The Complaint stated that there were three cases filed in the Superior Court of Wake County, North Carolina ("Wake County Court"): *Spoor v. Barth*, 11 CVS 15178 ("Spoor State Action"); *Newton v. Barth*, 14 CVS 6788 ("*Newton*"); and *Diorio Forest Products, Inc. v. Barth* 14 CVS 10215("*Diorio*") (collectively the "State Court Actions"). *Newton* and *Diorio* are class action suits. The Complaint seeks a declaratory judgment from this Court stating that the State Court Actions fail for lack of standing and that neither Spoor, nor any other person or entity, has standing to assert claims derivative of any claim asserted, or which could have been asserted, by the Trustee in the bankruptcy case of *In re Amerlink*. The Complaint also sought a preliminary injunction against Spoor, which would enjoin Spoor from continuing, pursuing, or advancing the Spoor State Action against Barth and from initiating any other, further, or additional litigation in any court against Barth in any forum during the pendency of this action.

Barth alleges that Spoor does not have standing to bring the State Court Actions pursuant to the release of claims set forth in the Memorandum of Settlement approved by the Order Approving Settlement. The Memorandum of Settlement stated that, Richard Spoor, John Barth Jr., John Barth, Harlingen Stables, Inc., Tall Grass Farms, Inc., Pro-Form Construction, Inc., and JR International Holdings, LLC shall waive all claims against the estate, including all rights associated

with the proofs of claim filed in the underlying bankruptcy case, and all other claims now known or hereafter acquired against the Trustee, individually and as Trustee, counsel for the Trustee, the Trustee's attorney and attorneys' employees, and the bankruptcy estate." (Memorandum of Settlement ¶ 4). Barth neither made mention of his objection to the inclusion of a stipulation that may have hindered his ability to pursue future litigation against Spoor, nor that he required such stipulation to be stricken from the Order. Barth alleges that because Spoor was a party to the Trustee's Adversary Proceeding and a party to the settlement, Spoor is bound by the terms of the Memorandum of Settlement and the Order Approving Settlement which released all claims against Barth. Barth further contends that an injunction is the proper remedy to prevent Spoor from continuing the alleged vexatious litigation as Spoor is attempting to relitigate matters in state court that were finally settled by a this Court.

Pursuant to Rules 12(b)(6) and Rule 19(a) of the Federal Rules of Civil Procedure, Spoor moved this Court for an Order dismissing the Complaint for Declaratory Judgment and Injunctive Relief Barring Litigation on the grounds that the Court lacked jurisdiction, the Complaint failed to state a claim upon which relief can be granted, and because the Complaint failed to join the necessary parties.

## DISCUSSION

Spoor argues that the Federal Anti-Injunction Act (the "AIA") prohibits this Court from issuing the declaratory judgment or the injunction sought by the Complaint. The AIA states that, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The United States Supreme Court has said that The

Act broadly commands that those tribunals "shall remain free from interference by federal courts." *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 282, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970). That edict is subject to only "three specifically defined exceptions." *Id.,* at 286, 90 S. Ct. 1739, 26 L. Ed. 2d 234. And those exceptions, though designed for important purposes, "are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Id*. at 287. Most instructive to this Court is that, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.,* at 297.

>The three specifically defined exceptions are:
>
>(A) Where an injunction against state court actions is expressly authorized by an Act of Congress;
>(B) Where an injunction against state courts is necessary in aid of the federal court's jurisdiction; or
>(C) Where an injunction against state courts is necessary to protect or effectuate the federal court's judgments.

28 U.S.C. § 2283. In the instant case, there is no Act of Congress that expressly authorizes the injunction requested by Barth in this adversary proceeding. There is also no need for an injunction against the State Court in this case that is "necessary in aid" of the jurisdiction of this Court. *Id*. at 294.

The third exception in AIA permits a federal court to enjoin state court litigation where a party seeks to relitigate in a state court action, matters resolved in a federal case. The Supreme Court has explained the limitations on this relitigation exception in *Smith v. Bayer Corp.,* which held the relitigation exception authorizes an injunction to prevent state litigation of a claim or issue "that previously was presented to and decided by the federal court." *Smith v. Bayer Corp.*, 131 S.Ct. 2368, 2376, 180 L. Ed. 2d 341 (2011); (internal quotations omitted). The Supreme Court further stated that

6

in applying this exception that the Court has "taken special care to keep it 'strict and narrow.'" *Id.* at 148, 108 S. Ct. 1684, 100 L. Ed. 2d 127. The Court stated, "a court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment.'" *Id.* at 2375; see also 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405, p. 82 (2d ed. 2002). "Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court. So issuing an injunction under the relitigation exception is resorting to heavy artillery. *Id*. at 2376. (Emphasis in original). This Court notes well the Supreme Court's assertion, "[f]or that reason, every benefit of the doubt goes toward the state court." *Id.* at 2371; see also *Atlantic Coast Line*, 398 U.S., at 287, 297, 90 S.Ct. 1739 (*an injunction can issue only if preclusion is clear beyond peradventure.*) (Emphasis added.)

The Supreme Court states that the critical question in determining whether an injunction is warranted is whether there is an identity of the legal standard applied. The Supreme Court explains the Court's decision by asserting, "[i]n our most recent case on the relitigation exception, *Chick Kam Choo v. Exxon,* we applied the 'same issue' requirement of preclusion law to invalidate a federal Court's injunction. *Id*. at 2376 (internal citations omitted). The Supreme Court declared that "an essential prerequisite for applying the relitigation exception is that the ... issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Id.* at 2376. The standard dictated by the Supreme Court is clear, "where the legal standards in the two courts differed, the issues before the courts differed, and an injunction was unwarranted." Id. at 2377

On February 14, 2012, Spoor filed a Complaint in the Wake County Court naming Barth as a defendant, along with John Barth, Jr. which initiated the Spoor State Action. In that action Spoor

7

alleged claims of fraud, unfair and deceptive trade practices, and breach of contract as an individual. On January 27, 2014, Barth filed a Motion for Summary Judgment on two grounds. Barth characterized one of those grounds as "standing." The essence of the "standing" ground was that Barth contended that all of the claims asserted by Spoor were exclusively the property of the Trustee or the estate and not of Spoor, so that Spoor does not have standing to raise them because they were based on the allegations that there was a fraudulent scheme by Barth and Barth Jr. to take control *of the Debtor*. Spoor contends that the allegations relate to a scheme by Barth to defraud *Spoor in a private transaction involving property owned by Spoor*, including his majority stock interest in AmerLink and certain real estate and equipment, not to defraud AmerLink. The Honorable Judge Allen Baddour granted Barth's Motion to Dismiss in an Order entered in the Spoor state Action on June 11, 2014. Judge Baddour's Order did not give an indication of his rationale for granting Barth's Motion to Dismiss. Spoor appealed the June 11, 2014 Order to the North Carolina Court of Appeals by filing a notice of appeal on June 19, 2014.

To determine whether an injunction for the purposes of enjoining the State Court Actions pursuant to the Relitigation Exception of the AIA is warranted, this court must determine whether the issues before the state court in the State Court Actions have been previously presented to and decided by this Court.

The Order Approving Settlement did not previously adjudicate whether the parties to the State Court Actions have standing to bring claims against Barth or any other party to the Memorandum of Settlement *as individuals.* The Order Approving Settlement not only limits the scope of the adjudication by establishing that no evidentiary hearings were conducted nor findings of fact made, but clearly excepts Barth's ability to bring future litigation against Spoor. In the

Order Approving Settlement, Judge Leonard specifically stated, "[t]he Memorandum [of Settlement] stipulated that Richard Spoor 'committed no acts of wrongdoing in relation to the subject matter of this litigation.' John Barth Senior objected to this language because he did not want Spoor to claim estoppel to any potential separate litigation Barth Senior had against Spoor." Order Approving Settlement at 2.  Barth objected to the inclusion of this certain language, specifically to reserve his right to bring future litigation against Spoor in relation to the dealings with each other as individuals. There is no indication that the Order Approving Settlement finally adjudicated, or even considered, the parties' standing to bring actions against each other in state courts, as individuals or otherwise. The Order Approving Settlement solely governed litigation by the bankruptcy estate, the Trustee, and the named defendants.  The claims waived by the signatories of the Memorandum of Settlement include only those, "against the estate, including all rights associated with the proofs of claim filed in the underlying bankruptcy case, and all other claims now known or hereafter *acquired by the Trustee . . . and the bankruptcy estate*." (Memorandum of Settlement ¶ 4). (Emphasis added).

The Order Approving Settlement did not resolve the issue of whether the claims of the plaintiffs in the State Court Actions are the property of the Trustee exclusively or the property of the plaintiffs in the State Court Actions. Further, Barth specifically objected to the inclusion of language in the Order Approving Settlement that would forbid litigation between the parties.  Barth cannot now attempt to proffer that very same Order as evidence that Spoor is precluded from litigating against Barth. The Order Approving Settlement only resolved any claims of the Trustee, not claims of the various parties against other parties.

Moreover, the Supreme Court, in *Atlantic Coast Line v. Locomotive Engineers*, supra, said, "proceedings in state court should normally be allowed to continue unimpaired by the intervention

9


of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." 398 U.S. at 287. In light of the Supreme Court's characterization that use of the relitigation exception is "heavy artillery" and the strong precedent favoring non-interference with state court actions, this Court finds the use of the relitigation exception in the instant case unwarranted. If Barth believes the State Court Actions to be vexatious or frivolous, his remedy lies in the State Courts.

In addition, Barth has failed to join necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure. Rule 19 provides:

> **a) Persons Required to Be Joined if Feasible.**
> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>   **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>   **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>     **(I)** as a practical matter impair or impede the person's ability to protect the
>     interest; or
>     **(ii)** leave an existing party subject to a substantial risk of incurring double,
>     multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

The Complaint sought a declaratory judgment and injunctive relief not only against Spoor in the Spoor State Action but against two other classes of plaintiffs in *Newton* and *Diorio* to which Spoor is not a party. However, those classes of plaintiffs were not joined in this adversary proceeding. Any judgment by this Court affecting the litigation in which these classes are parties would impair or impede the classes' ability to protect their interest. The Court cannot grant complete relief among the existing parties in this adversary proceeding. Spoor does not adequately

represent the interests of the *Newton* and *Diorio* classes, and is further not a plaintiff in either of those proceedings.[1] This Court finds that the parties in *Newton* and *Diorio* are necessary parties and therefore this Court cannot enter a final judgment affecting the parties' rights in their absence.

## CONCLUSION

Therefore, the Motion for Injunctive Relief Barring Vexatious Litigation is **DENIED.** The Motion to Dismiss filed by the Defendant, Richard Spoor is **GRANTED**. The adversary proceeding is **DISMISSED**.

**SO ORDERED**

**END OF DOCUMENT**

---

[1] Spoor is not a named plaintiff in either *Newton v. Barth*, 14 CVS 6788 or *Diorio Forest Products, Inc. v. Barth* 14 CVS 10215 pursuant to notices of voluntary dismissal of these actions as to Spoor only, filed in both cases on October 15, 2014. Further, the plaintiffs in *Newton* and *Diorio* were neither signatories of the Memorandum of Settlement, nor parties in the Trustee's Adversary Proceeding.