IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-72-FL

| | | |
|---|---|---|
| RICHARD B. SPOOR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN M. BARTH, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| Adversary Proceeding | ) | |
| Case No. 14-145-8-CRA | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | |
| AMERLINK, LTD., | ) | |
| | ) | |
| Debtor. | ) | |
| Case No. 09-10558-8-CRA | ) | |

This matter is before the court on appeal by defendant-appellant Richard B. Spoor ("appellant"), from final order of the United States Bankruptcy Court dated February 3, 2017, (DE 1-1), denying appellant's revised motion for sanctions against counsel for plaintiff-appellee John M. Barth ("appellee"), including Michael J. Small, Reginald B. Gillespie, Jr., and N. Hunter Wyche, Jr., and the law firms of Foley & Lardner LLP and Wilson & Ratledge, PLLC, which motion was filed in the course of an adversary proceeding commenced by appellant September 12, 2014. The parties have submitted briefs on appeal, and in this posture the issues raised are ripe for ruling. Because the facts and legal arguments are adequately presented in the briefs and record, the court dispenses with any argument, as the same would not aid significantly the decisional process. For

the reasons that follow, the court affirms the bankruptcy court's order denying sanctions.

## BACKGROUND

This adversary proceeding constitutes the latest in a series of actions arising from events surrounding the demise of AmerLink, Ltd. ("debtor"), a North Carolina corporation engaged in the business of selling materials for construction of log homes. According to the complaint, appellant founded the debtor and was, at various times the CEO, Treasurer, Chairman of the Board and majority shareholder. (DE 14-1 at 6 ¶ 6). Appellee is the father of John M. Barth Jr. ("Barth Jr.") who became President and CEO of the debtor in September 2006. (Id. ¶ 7).

Debtor's petition for Chapter 11 bankruptcy, later converted to a Chapter 7 proceeding ("the bankruptcy case"), constitutes the first action leading to the instant proceeding. In that action, the bankruptcy court for this district appointed as trustee Stephen L. Beaman ("the trustee") by order entered November 23, 2009. The trustee filed an adversary proceeding naming as defendants, among others, appellant and appellee. That adversary proceeding concluded in settlement executed July 26, 2011. The memorandum of settlement provides "[t]rustee shall . . . to the fullest extent of his power and authority, release any and all claims now known or hereafter acquired by the Trustee or the estate against . . . [appellee] . . . ." (DE 14-1 at 336). The bankruptcy court approved settlement September 19, 2011.

According to the complaint, between years 2011 and 2014, appellant's counsel represented various plaintiffs in actions litigated before North Carolina courts (collectively, "the state court actions") arising from facts surrounding the debtor's bankruptcy, naming appellee as defendant in

each.[1]  In the first, third, and fourth state court actions, filed October 5, 2011, May 22, 2014, and July 30, 2014, respectively, appellant was joined as plaintiff, and, in the second action, filed February 14, 2012, appellant was never joined as a party because, after the superior court ordered that appellant be so joined, plaintiffs took voluntary dismissal.  Although each of the state court actions arises from facts surrounding debtor's bankruptcy, the North Carolina courts have determined that claims asserted in the state court actions are distinct from claims waived by the trustee where the state court plaintiffs suffered injuries "separate and distinct from other [debtor] shareholders or [debtor] itself." Spoor v. Barth, 781 S.E.2d. 627, 636 (N.C. Ct. App. 2016); see Newton v. Barth, 788 S.E.2d. 653, 661 (N.C. Ct. App. 2016) ("To be sure, the allegations in the Newton and Diorio Plaintiffs' complaints do relate to conduct that undoubtedly harmed [debtor] itself.  However, the gravamen of the Newton and Diorio Plaintiffs' fraud and [Unfair and Deceptive Trade Practices] claims is not merely that they were injured by [debtor]'s collapse and the resulting breach of its contractual obligations to them, but instead that they <u>never would have suffered any injury</u> if they had not been fraudulently induced into entering into contracts with [debtor] as a result of misrepresentations . . .").

Appellee commenced this adversary proceeding September 12, 2014, seeking declaratory judgment that the state court actions could have been brought by the bankruptcy trustee and, therefore, those actions are barred by the trustee's release and must be dismissed where the state

---

[1] Issues involving the debtor's bankruptcy and the state cases previously have come before this court.  On February 13, 2012, appellee removed one of the state cases, Spoor v. Barth, 11-CVS-15178, (N.C. Super. Ct. Oct. 5, 2011), which case was assigned to the Hon. James C. Dever, III, Chief U.S. District Judge, who remanded it to state court after the parties gave notice of agreement that complete diversity did not exist.  See Spoor v. Barth, 5:12-CV-63-D (E.D.N.C. Oct. 30, 2012).  On April 15, 2014, numerous litigants involved in the debtor's bankruptcy, including appellant, moved for leave to appeal an order issued by the bankruptcy court authorizing the trustee to waive debtor's and debtor in possession's attorney-client privilege, which motion for leave to appeal, assigned to the Hon. James C. Fox, Senior U.S. District Judge, was denied May 21, 2014.  See Spoor v. Barth, 5:14-CV-236-F (E.D.N.C. May 21, 2014).  Issues presented in those proceedings have been fully resolved and do not overlap with any issue now before the court.

court plaintiffs lack standing. Appellee also sought an injunction requiring appellant to cause dismissal of the state court actions and a pre-filing injunction prohibiting appellant from filing any additional actions concerning issues encompassed by the settlement agreement without prior authorization of the court. On September 26, 2014, appellant moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), (7), and 19(a), on the grounds that appellee failed to state a claim, failed to join necessary parties, that the court lacked jurisdiction, and that appellee's request for injunctive relief was prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283. On October 1, 2014, appellee filed a motion seeking injunctive relief as described in the prayer for relief. On December 19, 2014, the bankruptcy court denied appellee's motion for injunctive relief and granted appellant's motion to dismiss the adversary proceeding.

Following dismissal, appellant moved for sanctions pursuant to North Carolina Rule of Civil Procedure 11, 28 U.S.C. § 1927, 11 U.S.C. § 105, and the court's inherent authority as codified in part in Federal Rule of Bankruptcy Procedure 9011, on the ground that arguments advanced in support of appellee's motion for injunctive relief, and in opposition to appellant's motion to dismiss, were frivolous and unnecessarily multiplied proceedings. After hearing held January 4, 2017, the bankruptcy court denied the motion by order entered February 3, 2017. The bankruptcy court held that although appellee obtained none of the relief sought in the complaint, appellee's filings were not frivolous, vexatious, nor otherwise advanced in bad faith. This appeal followed.

## DISCUSSION

A.    Standard of Review

This court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C § 158(a)(1). The court reviews the bankruptcy court's legal

determinations de novo. Ford Motor Credit Co. v. Reynolds & Reynolds Co. (*In re* JKJ Chevrolet, Inc.), 26 F.3d 481, 483 (4th Cir. 1994). The court reviews the bankruptcy court's decisions on sanctions for abuse of discretion. See In re Weiss, 111 F.3d 1159, 1169 (4th Cir. 1997). The court reviews the bankruptcy court's findings of fact for clear error. Green v. Staples (*In re* Green), 934 F.2d 568, 570 (4th Cir. 1991). A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). A court necessarily abuses its discretion "if it base[s] its ruling on an erroneous view of the law or a clearly erroneous assessment of evidence." Cooter & Gell v. Hartmarx Corp, 496 U.S. 384, 405 (1990).

B.   Analysis

    1.   Analysis of Sanctions Under the Court's Inherent Authority, Fed. R. Bankr. P. 9011, and 11 U.S.C. § 105

Appellant's arguments pertaining to the court's inherent authority to issue sanctions and its authority to issue sanctions under Federal Rule of Bankruptcy Procedure 9011 and 11 U.S.C. § 105 turn on similar legal questions. Accordingly, the court addresses these theories together.

Federal Rule of Bankruptcy Procedure 9011(b) provides, in pertinent part:

> By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the

5

>  establishment of new law; [and]
>
>  (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Bankr. P. 9011(b). "On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Fed. R. Bankr. P. 9011(c)(1)(B). 11 U.S.C. § 105 provides that "[t]he court may issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." Moreover, "district courts have the inherent power to sanction parties for certain bad faith conduct, even where there is no particular procedural rule that affirmatively invests the court with the power to sanction." Strag v. Bd. of Trustees, Craven Community College, 55 F.3d 943, 955 (4th Cir. 1995). The court may issue sanctions pursuant to its inherent authority in circumstances where a party engages in "harassment and delay tactics [or] file[s] false and frivolous pleadings." Id.

In the instant matter, the bankruptcy court did not abuse its discretion in declining to issue sanctions on its own initiative because there is adequate evidence in the record to support conclusion that appellee did not act in bad faith by filing this action or by advancing arguments that proved unsuccessful below. In particular, language in existing Fourth Circuit authority is broad enough to support a non-frivolous contention that claims asserted in the state court actions were embraced by settlement in the bankruptcy case. For example, the Fourth Circuit held in Nat. Am. Ins. Co. v. Ruppert Landscaping Co., Inc., that a plaintiff lacks standing to sue where "causes of action are [sufficiently] similar in object and purpose to claims that the trustee could bring in bankruptcy

court[.]" 187 F.3d 439, 441 (4th Cir. 1999). The Fourth Circuit cautioned more broadly that "[t]o allow selected creditors to artfully plead their way out of bankruptcy court would unravel the bankruptcy process and undermine an ordered distribution of the bankruptcy estate." Id. at 442.

In light of the foregoing language and broad statement federal bankruptcy policy, there was room for appellee to argue that claims asserted in the state cases were "similar in object and purpose" — that is, similar in their objective of obtaining compensation for damages arising from illicit transactions surrounding debtor's bankruptcy — such that appellant's individual claims were not subject to relitigation in state court. See id. Indeed, the North Carolina Court of Appeals noted that "the allegations in the Newton and Diorio Plaintiffs' complaints do relate to conduct that undoubtedly harmed [debtor] itself." Newton, 788 S.E.2d. at 661.

Morever, where appellee reasonably could have thought that the state court actions were barred by settlement of the bankruptcy case, appellee also reasonably could have believed that the bankruptcy court was authorized to issue an injunction against the state court actions on the ground such an injunction would "protect or effectuate" judgment entered in the bankruptcy case by preventing relitigation of claims previously settled in the bankruptcy court. See 28 U.S.C. § 2283; see In re MI Windows and Doors, Inc., Products Liability Litigation, 860 F.2d 218, 224 (4th Cir. 2017) ("The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court."). The foregoing arguments did not persuade the bankruptcy court, but neither were they frivolous or indicative of bad faith.

Furthermore, appellant concedes that he failed to move for sanctions under Bankruptcy Rule 9011, electing instead to move under the analogous North Carolina Rule of Civil Procedure 11,

which rule is inapplicable in this federal case. See Hanna v. Plumer, 380 U.S. 460, 465 (1965). Accordingly, a separate and independent basis exists to affirm the bankruptcy court where plaintiff has not established that the bankruptcy court is ever required to award discretionary sanctions on its own initiative. See Fed. R. Bankr. P. 9011(c)(1)(B) ("On its own initiative, the court may enter an order [to show cause before awarding sanctions].") (emphasis added); Strag, 55 F.3d at 955 (the court has "the discretion to fashion an appropriate sanction for conduct which abuses the judicial process.") (emphasis added); 11 U.S.C. § 105 ("[t]he court may issue any order, process, or judgment that is necessary to carry out the provision of [the Bankruptcy Code].") (emphasis added). The court need not speculate about whether unusual circumstances mandating sua sponte issuance of sanctions may arise in the future; it is sufficient to observe they are not present here.

Appellant argues that the bankruptcy court erred in refusing to issue sanctions based upon the general proposition that a court necessarily abuses its discretion if its relies upon an erroneous view of the law or a clearly erroneous assessment of the evidence. See Cooter, 496 U.S. at 405. Appellant's brief, in sections I and III of the argument offers 18 purported examples of such errors in the bankruptcy court's opinion. (DE 25 at 11–19, 25–32). The first five examples in section I and the first five examples section III rest on the notion that appellee's arguments were so clearly incorrect that the only explanation for counsel's decision to advance them is bad faith. (See, e.g. id. at 11 ("[appellee]'s motion clearly violated the federal Anti-Injunction Act, 28 U.S.C. § 2283"), 14 ("[appellee]'s "standing" argument was frivolous" . . . "[appellee]'s Complaint and Motion were full of conclusory, usupported and false innuendo in violation of the federal pleading standard.")). However, as held above, appellee's central contention that claims asserted in the state court actions were previously adjudicated in the bankruptcy case was not so clearly wrong as to mandate a finding

of bad faith. See Nat. Am. Ins. Co., 187 F.3d at 441. Accordingly, appellant's arguments based upon asserted frivolity of appellee's contentions must fail.

Appellant's remaining arguments protest certain rhetorical decisions and other omissions in the bankruptcy court's opinion explaining its reasons for denying sanctions. First, appellant protests that the bankruptcy court recited statements contained in appellee's complaint to the effect that the state court actions were vexatious. Appellant contends that the bankruptcy court's recitation of such allegations indicates that the bankruptcy court accepted as true appellee's characterization of the case. However, this argument is without merit where the bankruptcy court's recitation of the those facts expressly is limited by the qualifier "[a]ccording to the complaint[.]" (DE 16-1 at 136).

Second, appellant protests that the bankruptcy court failed to acknowledge that the North Carolina Court of Appeals rejected appellee's argument that claims asserted in the state court actions belong solely to the trustee. Appellant argues that had it considered appellee's failure before the North Carolina courts, the bankruptcy court would have perceived the bad faith nature of the instant suit. This argument is unavailing where the fact that he lost an argument in state court does not establish that appellee presented any filings in bad faith to the bankruptcy court where such filings were lodged on the docket well before the state court rendered its pertinent decisions. Compare Spoor v. Barth, 787 S.E.2d. 38 (N.C. 2016) (cert. denied June 9, 2016), Newton v. Barth, 788 S.E.2d. 653, 661 (N.C. Ct. App. 2016) (order issued July 19, 2016) with (Compl., DE 14-1 at 4 (filed Sep. 9, 2014)). Accordingly, this court has no "definite and firm conviction" that the bankruptcy court's omission of these facts was improper. See Anderson, 470 U.S. at 573. Therefore, the bankruptcy court did not clearly err in finding absence of bad faith where it omitted discussion of appellate decisions in the state court actions. See id.

Third, appellant protests that the bankruptcy court's opinion omitted that appellee failed to join necessary parties. Appellant contends that the bankruptcy court should have viewed appellee's failure to join necessary parties as an additional quantum of evidence that appellee's complaint was the result of a vexatious litigation strategy rather than principled advocacy. However, this argument fails because it is evident from the face of the complaint that appellee proceeded upon the theory that appellant was the "driving force" behind the state court actions and that, as a result, any injunction directing appellant to cause dismissal of those cases would be effective. (See DE 14-1 at 5). Therefore, appellee's attempt to limit the scope of injunctive relief to appellant rather than have it extend to individuals appellee did not believe responsible for the existence of the state court actions does not indicate bad faith.

Fourth, appellant protests that the bankruptcy court failed to mention that appellee's motion for injunctive relief was substantively deficient, that the pre-filing injunction appellee requested was overly broad where it would have embraced future actions in state court, and that appellee's memorandum in support of motion for injunctive relief misrepresented the holdings of certain precedent interpreting the Anti-Injunction Act. However, where the bankruptcy court never held that appellee's motion was substantively deficient, that the requested pre-filing injunction was overly broad, or that appellee misrepresented the contents of certain precedent, the bankruptcy court had no reason to mention these peripheral arguments in its order addressing sanctions. Therefore, the court finds no error in the bankruptcy court's assessment of these facts or legal principles. See Anderson, 470 U.S. at 573.

Finally, appellant contends that the bankruptcy court mischaracterized the basis for its earlier decision, authored by a different judge, to deny appellee's motion for injunctive relief. Specifically,

10

in denying appellee's motion for preliminary injunction, the bankruptcy court remarked that "[m]ost instructive to this Court is that, any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." (DE 15-1 at 9 (internal quotations omitted)). In denying appellant's motion for sanctions, the bankruptcy court interpreted the foregoing language to imply that the court viewed propriety of injunctive relief as a close question. Appellant contends the passage was intended to make clear to appellee that his complaint was clearly baseless. Based upon this court's independent review, the bankruptcy court's interpretation is correct. That is, the bankruptcy court found there existed doubt as to the propriety of a federal injunction against the state court proceedings and resolved that doubt in favor of allowing the state courts to proceed. Thus, appellant's argument on this basis fails where the bankruptcy court committed no error of law nor clear error in its assessment of the evidence in interpreting its prior order. See Cooter, 496 U.S. at 405.

    2.      Analysis of Sanctions Under 28 U.S.C. § 1927

Title 28 Section 1927 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The unambiguous text of § 1927 aims only at attorneys who multiply proceedings." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 522 (4th Cir. 2012) (internal quotations omitted). "Bad faith on the part of the attorney is a precondition to imposing fees under § 1927." Id. Section 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants." Id. "It is indifferent to the equities of a dispute and to the values advanced by the substantive law." Id. "Instead, § 1927 focuses on the conduct of the litigation and is concerned only

with limiting the abuse of court processes."

Filings challenged by appellant as vexatious consist of appellee's complaint, motion for injunction requiring dismissal of the state cases and pre-filing injunction apropos further litigation involving matters settled in the bankruptcy case, memorandum in support of said motion, and response in opposition to appellant's motion to dismiss.

Filing a complaint does not constitute vexatious multiplication of proceedings. See Debauche v. Trani, 191 F.3d 499, 511–12 (4th Cir. 1999). Moreover, where the local rules of bankruptcy procedure require that a motion for preliminary injunction be made in a document separate from the complaint, E.D.N.C. Bankr. R. 7065-1(b), appellee's right, and indeed obligation, to file his separate motion for injunctive relief flows from the combination of a permissible complaint and correct application of the rules of court. Therefore, neither filing constitutes vexatious multiplication of proceedings. Great Steaks, Inc., 667 F.3d at 522.

Appellee's memorandum in support of motion for injunctive relief is a type of filing mandated by the local rules of bankruptcy procedure in conjunction with a complaint seeking relief of that nature; therefore, that filing is not vexatious. See E.D.N.C. Bankr. R. 7007-1(a). Similarly, where a response to a dispositive motion, as filed by appellee in response to appellant's motion to dismiss, also expressly is permitted by the rules and is indeed part of the ordinary course of litigation, that filing does not constitute vexatious multiplication of proceedings, either. See id. 7001-1(b). Finally, for reasons stated above, the record on appeal provides no compelling basis to disturb the bankruptcy judge's finding that appellee's filings were not propounded in bad faith. See Great Steaks, 667 F.3d at 523 ("In the absence of any compelling evidence demonstrating that the district court abused its discretion in [finding absence of bad faith], we defer to it."). Accordingly,

there exists no basis to reverse the bankruptcy judge's order denying sanctions under section 1927.

Appellant argues that the substantive basis for appellee's lawsuit was, at all relevant times, precluded by a line of binding precedent holding that the Anti-Injunction Act bars a federal court from issuing an order enjoining proceedings pending in state court unless the claims or issues pending in the target state court action had "actually been decided by the federal court." Bryan v. BellSouth Comm., Inc. 492 F.3d 231, 236–37 (4th Cir. 2007). Relying upon the Fourth Circuit's unpublished opinion in Salvin v. American Nat. Ins. Co.,[2] appellant argues that where he demonstrated this proposition of law via his memorandum in support of motion to dismiss and established also that claims asserted in the state court actions had not "actually been decided by the [bankruptcy] court" in this instance, each filing by appellee following appellant's memorandum was vexatious because a reasonable investigation of the law would have revealed the baselessness of appellee's claims. 281 F.Appx. 222, 225–26 (4th Cir. 2008) (holding that the district court did not abuse its discretion issuing sanctions where plaintiff's counsel refused to take voluntary dismissal following deposition testimony by plaintiff disclosing unambiguously that the case lacked merit).

This argument is unavailing because as held above, appellee's arguments concerning availability of injunctive relief were not frivolous. Moreover, published Fourth Circuit authority holds that "contention[s] concerning the weakness of [a] case do[] not fall within the purview of § 1927, which focuses on the conduct of the litigation and not on its merits[.]" Great Steaks, 667 F.3d at 522. Therefore, even if appellee's case lacked foundation, the proper vehicle through which to bring a deficiency of that nature to the court's attention would have been though a motion for sanctions under Federal Rule of Bankruptcy Procedure 9011, which makes available sanctions

---

[2] Unpublished opinions are not binding in this Circuit, Minor v. Bostwick Labs., Inc., 669 F.3d 428, 434 (4th Cir. 2012). Therefore, appellant is mistaken where he urges via reply brief that Salvin is "controlling Fourth Circuit authority[.]" (DE 30 at 7).

against an attorney who presents to the court any filing that is not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Bankr. P. 9011(b)(2). Appellant filed no such motion, and controlling precedent dictates that the instant attempt to litigate principles applicable to a Rule 9011 motion through the vehicle of section 1927 must fail. See Great Steaks, 667 F.3d at 522.

In sum, because it relied upon a permissible finding that appellee undertook no action in bad faith and applied correct principles of law, the bankruptcy court did not abuse its discretion where it denied appellee's motion for sanctions. Cooter, 496 U.S. at 405.

## CONCLUSION

For the foregoing reasons, the court AFFIRMS the order of the bankruptcy court. (DE 1-1). The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of November, 2017.

LOUISE W. FLANAGAN
United States District Judge